(92 South. 126)

No. 24703.

### DENNIS v. HUBER.

(March 27, 1922. On Application for Rehearing, April 20, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ⬤405(6)—**Evidence held to justify compensation for permanent partial disability.**

In a suit under the Employers' Liability Act by employee falling from a scaffold and injuring his arm, hand, and wrist, evidence that his hand and wrist did not function properly, and were incapable of heavy work, *held* to show a permanent injury incapacitating him to work.

2. **Master and servant** ⬤411 — **Interest on compensation award not recoverable unless claimed in petition.**

Under Code Prac. arts. 157, 553, interest on the weekly installments cannot be allowed by a judgment under the Employers' Liability Act where the petition neither alleged that interest was due nor prayed therefor.

3. **Costs** ⬤260(7)—**Damages for frivolous appeal not allowed where appellee asked amendment of judgment.**

Where, on defendant's appeal, plaintiff asked that the judgment be amended, damages for a frivolous appeal, under Code Prac. art. 907, will not be allowed.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit under the Employers' Liability Act by Emile L. Dennis against Victor Huber. From a judgment for plaintiff, defendant appeals. Affirmed.

Beer & Robbert, of New Orleans, for appellant.

Woodville & Woodville, of New Orleans, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

OVERTON, J. Plaintiff was employed by defendant as an ordinary laborer in his marble works. He was robust and healthy, and capable of doing heavy work, and usually did such work in order to gain a livelihood. His work for defendant was of that nature.

On January 7, 1920, while he was assisting in the building of a tomb, in the course of his employment, he fell from a scaffold some 10 or 12 feet to the ground, and injured his right forearm, which involved the hand and wrist. Defendant made several small payments to plaintiff after the accident had occurred, but refused to make any further payments, taking the position that nothing was due.

When defendant refused to recognize his liability, plaintiff instituted this suit under the Employers' Liability Act (Act No. 20 of 1914, as amended by Act No. 243 of 1916 and Act No. 38 of 1918), alleging the injury he had suffered in the course of his employment, and arising out of it, that he was then earning $20 a week, including overtime, and that he is entitled to recover of defendant $11 a week for 400 weeks, as for permanent total disability.

Defendant, after pleading exceptions of vagueness and of no cause of action, which are unnecessary to mention further, as they do not appear to be pressed in this court, and are not tenable, answered substantially by admitting the employment, and by averring that the injuries received in the course of it were only slight, and were not such as to

prevent plaintiff from working, or to create any liability.

In the court below, after trial, judgment was rendered allowing plaintiff $3 a week for 300 weeks, commencing January 7, 1920, subject to a credit of $47.30. Defendant has appealed, and plaintiff has filed an answer to the appeal praying that the judgment be amended by allowing him 5 per cent. interest on the weekly installments from maturity, and that he be allowed the 10 per cent. damages granted by law for a frivolous appeal.

The pleadings and evidence leave no doubt that plaintiff was accidentally injured while performing services which arose out of the employment and in the course of it. Therefore, with the exception of the demand for damages for a frivolous appeal, and that for interest, there remains nothing to determine except the extent of the injury, and the compensation, if any, to which plaintiff is entitled.

[1] After the accident plaintiff was taken to the Charity Hospital, where he was treated for six weeks. An X-ray examination, made in July, six months after the accident, showed an old impacted fracture of the radius lower third of the right forearm. A slight displacement backwards of the lower fragment was noted, and bone atrophy was observed.

As a result of this injury, which was caused by the fall from the scaffold, plaintiff's hand and wrist do not function properly. He has not the grip that he formerly had, and is unable to lift heavy objects and do heavy work. The evidence of the experts, who were placed on the witness stand, shows that, while this condition will improve in time, he will never again be able to do heavy work. On the other hand, the evidence shows that he is and will be able to do work of a light character. In fact, prior to the trial of this case, which was had something over a year after the accident, it appears that he discharged successfully the duties of a watchman for three or four months, and did other light work.

From the above we find that, though the injury is permanent, it only partially incapacitates plaintiff to work. When the injury produces only partial disability, the rule is that the laborer shall receive 55 per cent. of the difference between the wages at the time of the injury and the wages that the injured employee is able to earn thereafter, during the period of disability, not to exceed 300 weeks. Subsection (c) of Section 8 of Act 38 of 1918, page 53. The court below found that 55 per cent. of that difference is $3.00 a week. This appears to be substantially correct. We do not think defendant has cause to complain in that respect. While at times plaintiff may be able to earn as much as he did before the accident, yet his earning capacity has been decreased, and upon the whole, he is not capable of earning as much as he did before.

[2] Plaintiff asks that he be allowed 5 per cent. per annum interest on the weekly installments from maturity until paid. In his petition he has neither alleged that interest is due nor has he prayed for it. Unless interest be claimed expressly in the trial court, it cannot be allowed. C. P. arts. 157, 553; McIntyre v. Hall, 20 La. Ann. 217.

[3] In respect to plaintiff's demand for 10 per cent. damages based upon the contention that the appeal by defendant is frivolous, and hence that, under article 907 of the Code of Practice, he should be allowed such damages, it is sufficient to say that plaintiff has asked that the judgment be amended by allowing him 5 per cent. interest on the weekly installments. When the appellee asks that the judgment be amended, damages for a frivolous appeal will not be allowed. Mahan v. Michel, 27 La. Ann. 96.

Beyond this, the question involved, as to the amount of compensation plaintiff should

be allowed, under the evidence adduced, is sufficiently serious to at least take the appeal out of the category of frivolous appeals.

For the reasons assigned, the judgment appealed from is affirmed; appellant to pay the costs.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.