## McGRUDER v. SERVICE DRAYAGE CO., Inc. *
### No. 15043.

Court of Appeal of Louisiana. Orleans.

Jan. 7, 1935.

Wm. A. J. Tonglet, Habans & Coleman, and A. I. Kleinfeldt, all of New Orleans, for appellant.

Gordon Boswell and John A. Smith, Jr., both of New Orleans, for appellee.

WESTERFIELD, Judge.

This suit is brought under the Workmen's Compensation Law. Plaintiff was employed by defendant as a truck driver at a daily wage of $4.30. The index finger of his left hand was injured on March 16, 1932, and the finger was amputated on March 10, 1933. His employer paid him compensation for 30 weeks at the rate of $9.80 per week, or a total of $294. He brought this suit claiming $16.77 a week as total temporary disability for a period not to exceed 400 weeks. The trial judge awarded him compensation for 81

*Rehearing denied March 4, 1935.

weeks at $16.77 per week and $57.50 for medical expenses, subject to a credit of $294 paid him. From this judgment defendant prosecuted this appeal.

Plaintiff's claim is based upon the provisions of subsection 1 (a) of section 8 of the Workmen's Compensation Law (Act No. 20 of 1914, as amended by Act No. 242 of 1928, p. 357), which provides for compensation for an injured workman "for injury producing temporary total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not, however, beyond three hundred weeks" (not 400 weeks, as erroneously claimed). The defendant contends that the compensation due plaintiff is governed by paragraph 2 of subsection 1 (d) of section 8 which declares that, "for the loss of a first finger, commonly called the index finger, sixty-five per centum of wages during thirty weeks," as qualified by paragraph 14 of subsection 1 (d) of section 8, to the effect that a "permanent total loss of the use of a member is equivalent to the amputation of the member," and paragraph 15 of subsection 1 (d) of section 8, which reads in part as follows: "Provided that in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member."

The judgment of the trial court, in allowing 81 weeks, recognized plaintiff's claim for temporary total disability for 51 weeks, the period of plaintiff's disability prior to the amputation of his finger and added 30 weeks, the amount allowed under paragraph 2 of subsection (d) of section 8 for the loss of an index finger, an award which is obviously in excess of the amount allowed for the loss of the finger and in apparent conflict with the language of paragraph 15 of subsection (d) of section 8, which, as we have seen, prohibits an award for the injury to a member beyond that allowed for the loss of such member. The judgment can only be sustained upon the theory that the provisions relied upon by defendant limiting recovery do not apply to those injuries which produce disability to perform work of any reasonable character, a view once entertained by this court. See Wilson v. Union Indemnity Co. et al. (La. App.) 150 So. 309, 310, from which we quote the following:

"A reading of the decisions on the subject shows that there has been confusion and conflict in the jurisprudence of this state. The compensation statute was enacted in 1914 (Act No. 20 of 1914). From then until the passage of Act No. 43 of 1922, adding subparagraph 14 to subsection (d), the law was clear that an injury to a member, producing disability, was compensable under subsections (a), (b), or (c) of section 8. Paragraph 14 was added to fill a void in the law, for before this amendment an employee who had lost the entire use of a member, not severed or amputated, had no remedy if he suffered no incapacity to earn wages. However, if disability to work resulted, he was compensated therefor. Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25; Rodriguez v. Standard Oil Co., 166 La. 336, 117 So. 269.

"Even after the passage of Act No. 43 of 1922, up until 1926, when James v. Spence & Goldstein, 161 La. 1109, 109 So. 917, was decided, subsection (d) was held to be inapplicable in a disability case. Garr v. Wyatt Lumber Co., 147 La. 689, 85 So. 640; Dennis v. Huber, 151 La. 589, 92 So. 126; Daniels v. Shreveport Producing & Refining Corp., 151 La. 800, 92 So. 341."

Our opinion in the Wilson Case was not shared by our brothers of the Second circuit, who expressed a contrary view in the case of Calhoun v. Meridian Lumber Co. (La. App.) 151 So. 778. Upon application to the Supreme Court a review of the Calhoun Case was granted and the opinion of the Court of Appeal for the Second circuit affirmed. 180 La. 343, 156 So. 412.

In view of the holding in the Calhoun Case, the conclusion is inescapable that the judgment of our brother below was erroneous to the extent that compensation was allowed beyond 30 weeks.

The weekly compensation claimed by plaintiff ($16.77) is conceded to be correct. The amount asked for medical expenses, $57.50, is also conceded.

Consequently, and for the reasons assigned, the judgment appealed from is amended so as to reduce the compensation allowed plaintiff from 81 weeks to 30 weeks, and, as thus amended, it is affirmed.

Amended and affirmed.