BROWN v. N. O. COMPRESS CO., Inc., et al.*
No. 16056.

Court of Appeal of Louisiana. Orleans.
April 15, 1935.

James C. Henriques and Harry M. Mayo, Jr., both of New Orleans, for appellants.

Richard A. Dowling, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit under the Workmen's Compensation Law (Act No. 20 of 1914, as amended). Jim Brown, a negro laborer employed by the New Orleans Compress Company, was injured in the course of his employment on January 10, 1930, when some falling cotton struck him on his right leg and incapacitated him. He was paid compensation at the rate of $14.04 per week for 175 weeks or until the 10th day of April, 1933, after which no further payments were made. On August 18, 1933, Brown instituted this suit against his employer and its insurance carrier, the New Amsterdam Casualty Company, claiming 400 weeks compensation at the rate of $14.04 per week subject to a credit of 175 weeks previously paid him. Defendant answered denying that any further compensation was due plaintiff.

There was judgment below in plaintiff's favor as prayed for, and defendant has appealed.

The question presented is one which has been the subject of considerable attention both by the several Courts of Appeal and the Supreme Court, and whatever doubt there may have been in the past it must now be regarded as having been well settled adversely to the contention of plaintiff's counsel.

Paragraph 15 of subsection 1 (d) of section 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928, p. 358, declares that "in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member."

Paragraph 11 of subsection 1 (c) of section 8 of the same statute (Act No. 20 of 1914) provides that for the loss of a leg "fifty per centum of the average weekly wages during not more than one hundred and seventy-five weeks" shall be paid.

In awarding judgment for plaintiff, the trial court was evidently of the opinion that the quoted sections of the compensation law did not apply to disabling injuries, in line with our opinion in Wilson v. Union Indemnity Company, 150 So. 309. The view expressed by us in that case was, in effect, overruled by the decision of the Supreme Court in Calhoon v. Meridian Lumber Company, 180 La. 343, 156 So. 412, 413, and following the decision in the Calhoon Case this court, in McGruder v. Service Drayage Company, 158 So. 252, recognized its error in the Wilson Case and modified its views accordingly.

Plaintiff's counsel, familiar with the jurisprudence we have quoted, takes comfort from an expression of Justice Brunot in the Calhoon Case to the effect that "inasmuch as plaintiff does not ask for compensation under the general disability subsections of Act No. 20 of 1914, as amended by Act No. 242 of 1928, the question which was presented to the Court of Appeal, and which we are now called upon to decide, is whether plaintiff is entitled

---

*Rehearing denied April 29, 1935. Writ of error refused by Supreme Court May 27, 1935.

to compensation under section 8 (1) (d) (3), of the act, which provides for weekly payments for 20 weeks for the loss of a finger, other than the index finger; or, under section 8 (1) (d) (2) and (3), which provides," etc. It is pointed out that in the instant case compensation is asked for under the general disability subsections of the compensation law, and, the argument is made, that a different case is presented here and one which, inferentially, is excluded from the holding in the Calhoon Case. In our opinion the quoted section of Justice Brunot's opinion is an inadvertence because in the Calhoon Case there was a claim for compensation under the general disability subsections, at least in the appellate court, as appears from the opinion in that case written by Judge Mills of the Court of Appeal for the Second Circuit (151 So. 778). Moreover, the opinion of Judge Mills in the Calhoon Case, which was adopted by the Supreme Court in extenso, is expressly opposed to our views in the Wilson Case, which it criticizes.

The contention that a distinction should be made between this case and the Calhoon Case and other cases which followed it on the ground that here, in addition to the leg injury suffered by plaintiff, his entire body is affected, cannot be entertained for the reason that if such distinction could be recognized, concerning which we express no opinion, there is nothing in the record to support the statement that plaintiff has suffered injury to any other part of his body than to his leg.

Our conclusion is that this case is controlled by the doctrine of the Calhoon Case.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment herein in favor of defendant dismissing plaintiff's suit at his cost.

Reversed.

LECHE, J., absent, takes no part.