Plaintiff is seeking to obtain compensation from Maurice L. Woodhatch, defendant, on behalf of herself and her minor children at the rate of 65% of the wages of her son, Jesse Lee Cryer, for a period of 300 weeks as a result of the death of her son through an accident while in the employ of defendant as a mechanic. Plaintiff alleges that deceased was twenty one years of age and unmarried; that her son suffered an injury on February 7, 1943, when a car which he was repairing at the garage of defendant fell off the jacks on which it was elevated and crushed him, from which injury he died on February 28, 1943; that plaintiff and her minor children were being supported entirely by her deceased son and at the time of his death, deceased was earning $28 per week. She further alleges that she is entitled to payment for the period between the accident and the death of deceased, in addition to the 300 week compensation period subsequent to his death.
Defendant admitted the injury and death of deceased, but denied that deceased was engaged in the performance of any duties covered by his employment at the time of the accident. Defendant alleged that deceased was never employed as a mechanic, and that during the entire course of his employment he was never required to perform any duties of a mechanic; that he employed deceased at approximately $20 per week to assist the night shift in operating the filling station part of his business and to assist in operating the wrecker service in bringing wrecked cars to the shop; that deceased was working under the direction of his uncle, A.D. Cryer, who was night foreman over the operations of the filling station; that deceased worked from 7 P.M. to 7 A.M. each night, and that on the day of the accident, deceased requested his uncle to permit him to go off his regular duties from about 5:30 A.M. to 7 A.M. in order that he might repair his uncle's car so that they could return home in it; that this action on the part of deceased was voluntary, and he was not ordered to do so by his uncle.
The lower court rendered judgment in favor of defendant and dismissed plaintiff's suit. From this judgment, the plaintiff has appealed.
The case presents purely a question of fact. It is admitted that the deceased son of plaintiff was employed by the defendant and that the injury and subsequent death resulted from the slipping of a jack from under the automobile which he was repairing, causing the automobile to crush him. The question to be determined is whether or not deceased was injured and killed by an accident, arising out of and within the scope of his employment.
The evidence shows that deceased was hired by his uncle, A.D. Cryer, who was night filling station foreman for the Woodhatch Motor Company. It further shows that the uncle hired deceased as a filling station helper and not as a mechanic. This is borne out by the testimony of the uncle, the defendant, the bookkeeper of the Woodhatch Motor Company, and by several responsible employees of the defendant.
There is some testimony by some of the witnesses for the plaintiff to the effect that they saw the deceased working on cars. But none of this evidence indicates that he was doing th regular work of a mechanic. His principal duty was to help attend the gas station, repair flat tires, and do other things of a like nature in order to attend to the needs of customers during the night while the filling station remained open. The mechanical shop was closed during the night, and none of the mechanics were on duty at night.
The evidence shows that the deceased rode with his uncle to and from work — a distance of some fifteen miles — and the defendant did not furnish transportation in connection with the employment. A short time before the deceased and his uncle were to get off from work, the former asked permission of his uncle to repair a spring on his uncle's car so that they might return home in it after they got off from work. The deceased was engaged in repairing his uncle's car *Page 706 
at the time the accident occurred, and the evidence further shows that this work was not being done under the employment of the deceased with the defendant. All mechanical work done in defendant's garage was listed and charged under a regular system prevailing in this shop, and there was no list or charge made of the work which the deceased was doing on his uncle's car. He was not working for the defendant when he met with the fatal accident.
No briefs have been filed in this court on behalf of the plaintiff, appellant.
Finding no error in the judgment appealed from, the said judgment is hereby affirmed.