This is a compensation suit which was instituted by Martin L. Smith against his employer, R.L. Walker. Shortly after trial, and before rendition of judgment, the plaintiff, Smith, died, and his surviving *Page 767 
children, two daughters, Mrs. Hazel I. Gibbons and Mrs. Carrie M. Chesson, were substituted as plaintiffs.
The facts involved are largely undisputed. On the date of the accident, December 6, 1945, Martin L. Smith was the employee of R.L. Walker, and on that date the said employee was taken by his employer in the employer's automobile to the premises of the Bayou Rapides Lumber Company for the purpose of hammering and straightening a saw which had been brought from the Walker mill at Gardner. It is shown that plaintiff performed the work of repairing the saw and, while waiting for his employer, Walker, to return in his car for the purpose of picking him up, plaintiff walked a short distance, from the point where he had been performing his work, to a fire, which had been built by employees of the lumber company, for the purpose of warming his hands. Although there is some dispute as to the temperature, we think the preponderance of the testimony bears out the fact that the day was chilly and plaintiff's hands, unprotected by gloves, were cold. After warming his hands Smith started to return to the point where he had left the saw, and, in stepping across a ditch some 18 inches to 2 feet in depth, he slipped on a grating and fell flat, twisting his left leg and allegedly injuring his ankle to such extent as to cause disability.
There was judgment in favor of the substituted plaintiffs, from the date of the accident on December 6, 1945, until the date of death of Martin L. Smith on December 3, 1946, for the total sum of $1,030.00, less $25.00 credit for sums paid by the defendant, Walker. From this judgment defendants have appealed and plaintiffs have countered by filing in this Court a motion to dismiss on the ground that the appeal is frivolous, coupled with a claim for damages.
The defenses as urged against plaintiff's claim are, first, that the accident did not happen during the course of plaintiff's employment, and, second, that plaintiff's disability did not result from the accident.
The distance between the point where plaintiff had been working on the saw and the location of the fire was between 125 and 200 feet away and defendant urges that, after Smith completed his work, his trip to the fire and return, purely for the personal purpose of warming his hands, was entirely outside of the course of his employment and beyond any connection therewith. In support of this argument counsel for defendant cites the cases of Watson v. Holmes Barnes, Ltd., 7 La. App. 210; Piske v. Brooklyn Cooperage Co., 143 La. 455, 78 So. 734; and Nance v. United Fruit Co., 15 La. App. 316, 131 So. 738.
Reading of the cited cases discloses that the facts are readily distinguishable from those involved in the case before us. The employee in the Watson case violated definite instructions and met with an accident at a point some 373 feet from his place of employment while presumably engaged on a purely personal mission.
In the Piske case the employee left a building in which he was employed, and where his services at the particular time were required, and was injured on a railroad switch track some 40 feet distant from the building.
In the Nance case the employee, after being ordered to stand by for the arrival of certain equipment, deliberately left the immediate vicinity of the work in which he was engaged and was drowned at a point more than two city blocks away from such place, while attempting to board a vessel on which he had no mission nor business in the interest of his employer.
The learned Judge of the trial court, assigning written reasons for his judgment, cited the case of Rogers v. Mengel Co., 189 La. 723, 180 So. 499, as being analogous to the instant case. We heartily concur in the applicability of the principle enunciated by the Court in the Mengel case quoting from Kern v. Southport Mill, 174 La. 432, 141 So. 19, as follows: "* * * when one finds himself at the scene of accident not because he voluntarily appeared there but because the necessities of his business called him there, the injuries he may suffer by reason of such accident 'arise out of' the necessity which brought him there, and hence 'arise out of' his employment *Page 768 
if it so be that he was employed and his employment required him to be at the place of the accident at the the when the accident occurred." [189 La. 723, 180 So. 501.]
[1] Notwithstanding the fact that Smith had completed the specific job on which he had been engaged, he was obliged to await the return of his employer. To hold that during the interim an employee was not at liberty to walk a short distance in order to warm his hands would be to formulate an interpretation of the phrase "in the course of employment" which would be clearly unjust and, in a sense at least, inhumane.
The second ground of defense is predicated upon the established facts that Smith was suffering from a number of diseases and ailments at the time of his employment, among which were heart disease, arteriosclerosis, kidney disease and arthritis. In addition, plaintiff some years before the accident had suffered a stab wound in the left breast which materially contributed to his heart condition. It is argued on behalf of defendant that the accident involving plaintiff's fall and ankle injury were of a minor nature and, as a matter of fact, did not result in contributing to plaintiff's disability. Counsel for defendant argues that plaintiff was disabled at the time he undertook employment with the defendant and that his disability was no greater after the accident than before.
In our opinion these particular contentions are unsound and illogical in view of the fact that at the time of the accident plaintiff was working and that thereafer he was totally unable to work. The medical testimony preponderates in favor of plaintiff's claim that he sustained a twisted left ankle. The day following the accident plaintiff attempted to work but was forced to give up the effort and thereafter he walked with difficulty with the support of a cane and a crutch.
[2] It is clear to our minds that plaintiff's final, complete and utter disability was brought about by the accident and the injury, trifling though it appeared, sustained while in the employ of defendant, and it perforce follows that his claim for compensation was properly allowed.
[3] We are not impressed with the merit of the motion to dismiss and the claim for damages on the ground of the prosecution of a frivolous appeal. The questions raised on appeal are serious and so far as the record discloses have been urged in all sincerity and good faith.
In supplemental brief before this Court defendant's earnest counsel makes the point that the judgment should be amended by excluding the allowance of interest, therein provided, by reason of the fact that plaintiff's petition failed to allege that interest was due or to pray that it be allowed, citing Articles 157 and 553 of the Code of Practice and the case of Dennis v. Huber, 151 La. 589, 92 So. 126.
[4] We find this point is well taken. The articles of the Code of Practice to which reference is made clearly provide that interest shall not be allowed by a judgment unless the same has been expressly claimed and then only in such cases in which the law permits the recovery of interest. The application of these articles to cases involving compensation was enforced in Dennis v. Huber, supra, and Snear v. Eiserloh, La. App., 144 So. 265.
For the reasons assigned the judgment appealed from is amended to the extent of eliminating the allowance of interest on the principal amount of the judgment rendered, and, as amended, it is affirmed at appellee's cost.
 On Application for Rehearing.