ELLIS, Judge.
This is an action against the Houston Fire & Casualty Insurance Company as the insurer of the State of Louisiana, for workmen’s compensation benefits for the death of Marvin L. Bush, a former employee of the Louisiana Department of Highways. The suit below was filed by Mrs. Villey B. Bush, decedent’s concubine, as the natural tutrix of her minor children, all entirely dependent on the decedent for support. Mrs. Audrey Scafidel, administratrix of the Estate of Marvin L. Bush, is also a party plaintiff.
After trial judgment was rendered by the District Court in favor of Mrs. Villey B. Bush in her capacity as natural tutrix of the minors, Mary Kathleen Bush and Deborah Suzanne Husser, and against the Houston Fire and Casualty Insurance Company for compensation payable weekly for 400 weeks *378 beginning March 7, 1961 in the amount of $35.00 per week (one-half thereof to each minor) with legal interest on each past due installment from its due date until paid. Judgment was further rendered in favor of the administratrix of the Estate of Marvin L. Bush and against Houston Fire & Casualty Insurance Company for burial expenses in the amount of $600.00. The defendant has appealed from this judgment.
The facts of this case are simple and undisputed. Marvin L. Bush was a resident of Hammond and was employed by the Louisiana Department of Highways as an electrician to maintain electrically operated traffic signals throughout the State. On the night of February 14, 1961, a holiday, Bush was involved in a single vehicle accident on State Route 440 just west of Tangi-pahoa, Louisiana while driving a utility truck belonging to his employer. On this particular night Bush was on twenty-four hour stand-by duty, which required that he be available at his home to answer telephone calls which would direct him to traffic signals through the state in need of electrical repair. The utility truck was to be used for transportation.
During this stand-by period, at a time when no calls were pending, Bush drove the utility truck to the home of Mrs. Mamie Bennett, approximately thirty-five miles distant to induce the plaintiff to return to their home in Hammond. Mrs. Bennett was the mother of Mrs. Bush and the latter had been visiting with her mother for about two days preceding the accident. On the return trip, with Mrs. Bush following in the family car, Bush lost control of the utility truck, crashed and died two weeks later from injuries received in the accident.
The single question at issue before this court is whether or not this was an accident arising out of or incidental to the employment.
The cases of Nance v. United Fruit Co., 15 La.App. 316, 131 So. 738, and Como v. Union Sulphur Co., La.App., 182 So. 155 are applicable here and, we believe, controlling. See also Loftin v. Woodhatch, La.App., 26 So.2d 704; Hay v. Travelers Insurance Co., La.App., 106 So.2d 791; and Rodgers v. Price, La.App., 92 So.2d 305.
In the Nance case, a dock loading crew was ordered to stand-by and await the arrival of a derrick. One employee wandered about 600 feet along the dock and was drowned attempting to board another ship to visit a friend. The Orleans Court of Appeal in denying recovery under the workmen’s compensation statute reasoned that, even though the foreman testified the men were not required to remain in the immediate spot, the employee had abandoned his employment and placed himself beyond that area where he could reasonably be expected to hear the call to return to work.
The Como case does not involve a standby period, but it is none-the-less applicable. In that case the construction superintendent moved about 800 feet from his men working at the construction site to amuse himself by dynamiting fish in the river. Stray sparks set off an explosion which resulted in serious injury to the superintendent. Recovery was denied under the workmen’s compensation statute, the court finding the accident did not arise out of the employment, though the court freely admitted that the accident was in the course (time) of the employment. In reaching that conclusion, the court, at page 157 quoted from Kern v. Southport Mill, Ltd., 174 La. 432, 141 So. 19, 21, as follows:
“In determining, therefore, whether an accident ‘arose out of’ the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer’s business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time the accident occurred?”
In the case at bar, Bush had certainly placed himself beyond the area from which *379 lie could be called to work. He had unnecessarily made it impossible to receive calls for about two hours. He was on a purely personal mission of no concern to his employer.
The fact that Mr. Henry Harrisson, the foreman, testified in the event the Bush telephone did not answer he would have called the decedent’s brother is of no importance. Bush still would not have been available to do the work and could not have been contacted. Nor does this alter the fact that Bush was not making the trip for the benefit of his employer, but for his own pleasure.
The case of Douga v. New Amsterdam Casualty Company, La.App., 109 So.2d 243, is relied upon by the plaintiff, but that case is not applicable here. It involved an injured employee who had turned over the duty of driving a delivery truck to a sixteen year old boy and had then gone to sleep in the truck while the same was being returned to the employer’s premises after completing the route. The employee was thus violating instructions and not performing his duties in the best manner, but he was none-the-less within the sphere of his employment and not on a personal mission.
There are a number of other cases in the jurisprudence of Louisiana in which the courts have concluded when the employee was performing the employer’s business and/or the employee was in the place he was required to be at the time of the accident, in such cases, recovery is proper. Smith v. Walker, La.App., 35 So.2d 766; Daigle v. Moody, 175 La. 853, 144 So. 596; Fields v. Brown Paper Mill, La.App., 28 So.2d 755; Goins v. Shreveport Yellow Cabs, La.App., 200 So. 481; McClendon v. Louisiana Central Lumber Co., 17 La.App. 246, 135 So. 754; and Long v. Hardware Mutual Insurance Co., La.App., 137 So.2d 486.
Accordingly the judgment of the Trial Court is reversed and plaintiffs’ suit is dismissed at their costs.
Reversed.