GOODING v. BEAUREGARD LAUNDRY CO., INC.

(October 29, 1928. Opinion and Decree.)

H. Kenner, of New Orleans, attorney for plaintiff, appellant.

E. V. Parham, of New Orleans, attorney for defendant, appellee.

JANVIER, J. ad hoc. The plaintiff, an eighteen-year old colored boy was employed as a porter in the laundry of the defendant company. On account of an excess of work he was ordered by the foreman to report for work on Sunday, October 18, 1925. His duties were to clean up the premises and to carry bags of laundry and materials and supplies to various employees. His duties did not require him to come into contact with the laundry machinery. The testimony shows that on the day of the accident he had reported for work and had completed his usual duties as porter when he applied to the foreman for permission to leave. The foreman states that he refused him this permission as he thought he might need him for other incidental duties later. The boy states that he refused him permission to leave and instructed him to take charge of one of the centrifugal laundry machines. This the foreman denies.

It is very clear, from the evidence, that at no time prior to that day had he operated or even touched any of the laundry machines, with the consent or even with the knowledge of the foreman, except that on one occasion, some thirty days or so previously, he had attempted to operate one of them but had been seen by the foreman who instructed him to let it alone and not to touch the machinery at all.

At the time of the accident, the foreman had temporarily left the room in which the machine was located and a few minutes after he left, he was called and told that the boy's arm had been caught in the mechanism.

The question presented is solely one of fact, that is, whether or not the boy had been instructed by the foreman to operate the machine. The boy says that he had, the foreman says that he had not. The foreman's story is corroborated by the circumstances that he had prohibited the boy from using it and had made him desist from using it a short time before. The foreman's story is also corroborated by the testimony of Emmet Jones, a relative of the plaintiff, who was placed on the stand as a witness for plaintiff, and who, instead of corroborating plaintiff's story that he had been operating the machine for some time, on the contrary, stated that he, himself had operated it and had not seen the plaintiff touch it until the very moment of the accident. It appears to us, therefore, that the evidence conclusively provides that the plaintiff had stepped aside from his line of duty and was voluntarily meddling with dangerous machinery with which his employment had no connection whatever.

In order for plaintiff to recover under the compensation law (Act No. 20 of 1914 as amended) the injury must have occurred in the course of his employment and must have arisen out of his employment and it is perfectly plain that this injury did not arise out of his employment. The law of this case is set forth by the Supreme Court in Pierre vs. Barringer, 149 La. 71, 88 So 691. In that case, an employee in a sawmill had left his station of employment and had voluntarily gone into another part of the mill, and had attempted to operate a circular saw with which his employment had no connection whatever. The Court held that the resulting accident did not arise out of his employment. That seems to be the situation here.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.