No. 3461

Second Circuit

---

## LINER ET AL. v. RIVERSIDE GRAVEL CO. ET AL.

---

(March 24, 1930. Opinion and Decree.)
(July 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

---

L. K. Watkins and R. D. Watkins, of Minden, attorneys for plaintiffs, appellants.

Thigpen, Herold, Lee & Cousin and Alex F. Smith, of Shreveport, and M. M. Morelock of Haynesville, attorneys for defendants, appellees.

WEBB, J. Defendant Riverside Gravel Company, a partnership composed of M. M. Morelock, J. Y. Snyder and S. L. Herold, was engaged in taking gravel from beds along the banks of bayou Dorcheat, using for that purpose pumps, which, together with the machinery for operating same, were placed on a barge located out in the bayou. Three persons were employed on the barge, who were Elbert Walker, engineer; C. P. Sanders, pumper, and M. Walker, boatman, and there were two persons employed to clear the banks of the bayou of trees, brushes, etc., in order that the work of taking the gravel could be carried on.

Calvin Liner, a minor, above the age of seventeen years, and H. A. Walker, of about Liner's age, were employed to clear the banks of the bayou. Liner was employed in September, 1926, and continued in defendant's employment until January 8, 1927, when, in an attempt to place a belt on some part of the machinery which, as stated, was on the barge, he sustained serious injuries, for which he was under treatment until about July, 1927.

The present suit was filed on December 19, 1927, by J. S. Liner and Etta Liner, representing Calvin Liner, their minor son, to recover judgment for damages under the provisions of article 2315 of the Civil Code, and, in the alternative, for compensation under the provisions of the Employers' Liability Statute (Act No. 20 of 1914, as amended).

Plaintiffs alleged, in substance, the facts as above stated, and, further, that they knew that their son had been employed by defendant and that they did not object to his working on the bank, but that on the 8th of January, 1927, their son had been ordered by Eugene Lanning, the foreman in charge of the barge, to take the place of M. Walker, for which work their son had not been employed, and their son was required to place the belt on the machinery, which was dangerous work, and that defendant was guilty of negligence in that it had not instructed their son as to the manner of doing the work, or warned him of the danger, and had not furnished him with a safe place in which to do the work, with the result that their son was injured; and, in the alternative, plaintiffs set forth the same cause of action for compensation under the Employers' Liability Statute, and prayed for judgment for damages resulting from the alleged negligence of defendant, and, in the alternative, for compensation.

Defendant moved to strike out the demand for damages, which was not sustained, and it answered admitting that it was engaged in the business alleged, and that young Liner had been employed by it to clear the banks of the bayou, and that he was injured, and otherwise denied plaintiffs' allegations, and especially that

young Liner had been ordered to work on the barge, and alleged that he voluntarily left the work he was engaged to do and went on the barge and attempted to place the belt on the machinery.

Trial was had on May 19, 1928, and plaintiffs appeal from a judgment rejecting their demand, and appellants, in presenting the cause here, as they did in the district court, urge first the primary demand for damages, and the demand for compensation in the alternative.

With regard to the right to claim damages, it is conceded that if the employment came under the Employers' Liability Statute the remedy afforded therein is exclusive (section 34, Act No. 20 of 1914; Veasey vs. Peters, 142 La. 1012, 77 So. 948; Philips vs. Guy Drilling Co., 143 La. 951, 79 So. 549; Williams vs. Blodgett Const. Co., 146 La. 841, 84 So. 115), and that had young Liner been injured while engaged in the work of clearing the banks of the bayou the exclusive remedy would have been to claim compensation (Ross et al. vs. Cochran & Franklin Co., Inc., 10 La. App. 719, 122 So. 141; Labourdette vs. Doullut & Williams, etc., Co., 156 La. 412, 100 So. 547), and, as we understand, the basis of the contention that the statute is not applicable, or that the plaintiffs have the right to demand damages, is assuming that defendant ordered their son to work on the barge or place the belt on the machinery, that such work was without the scope of his duties in clearing the banks of the bayou, and that it should be held that, as to such work, there was a distinct employment, of which plaintiffs did not have knowledge and could not be held to have consented that the employment should come under the statute.

Defendant was engaged in a hazardous trade or business and plaintiffs' son was one of its employees, and while the particular work of clearing the banks of the bayou, which was a part of the hazardous business of defendant, may have been less dangerous than other work connected with defendant's business, all workmen employed by defendant in carrying on its business were engaged in the same employment, and if defendant directed plaintiffs' son to do work outside of the scope of his duties, the fact that such work may have been more or less hazardous than that to which he had been accustomed to do, the employment remained the same, and the fact that plaintiffs' son, defendant's employee, was a minor is not of any significance (Garcia vs. Salmen Brick & Lumber Co., 151 La. 784, 92 So. 335), it not being suggested that the employment was unlawful, and we are of the opinion that the only remedy plaintiffs had was under the statute to claim compensation.

With relation to that right, plaintiffs alleged and the evidence established that the work of putting a belt on the machinery used in operating the pumps was outside of the scope of young Liner's duties in clearing the banks of the bayou, and that fact being established, it must be conceded that plaintiffs cannot recover compensation unless the evidence established that young Liner was instructed by defendant to place the belt on the machinery, or to do work in which the work of placing the belt on the machinery was a part (Pierre vs. Barringer, 149 La. 71, 88 So. 691; Gooding vs. Beauregard Laundry Co., Inc., 9 La. App. 392, 120 So. 507; also, Gibson vs. N. O. Terminal Co., 131 La. 10, 58 So. 1015; Daly vs. H. Haller Mfg. Co., 48 La. Ann. 214, 19 So. 116; Utah Copper Co. vs. Industrial Commission, 62 Utah, 33, 217 P. 1105, 33 A. L. R. 1327).

As previously stated, the workmen em-

ployed on the barge were Elbert Walker, engineer; C. P. Sanders, pumper, and M. Walker, boatman, and those on the bank were Calvin Liner and H. A. Walker, and Eugene Lanning was the foreman. On the afternoon of the accident Elbert Walker was absent and Eugene Lanning instructed M. Walker to take his place, and plaintiffs alleged that their son was ordered by Lanning to take the place of M. Walker and that Liner was specifically instructed to place the belt on the machinery.

Calvin Liner stated that he had been instructed by Lanning to take the place of M. Walker and that C. P. Sanders had specifically instructed him to place the belt on the machinery, and, while both Lanning and Sanders denied that they had given him any such instructions, it is urged that the evidence of Liner is supported by the testimony of a disinterested witness who said that Lanning had stated in her presence that he had instructed him to take the place of M. Walker.

Lanning stated that he had instructed H. A. Walker to take the place of M. Walker, and denied that he had stated that he had instructed Calvin Liner to take the place of M. Walker, and M. Walker, H. A. Walker and C. P. Sanders stated that Lanning had instructed H. A. Walker to take the place of M. Walker, and the evidence shows that H. A. Walker did take the place of M. Walker, and that while M. Walker was in the act of placing the belt on the machinery young Liner came and took the belt from him and attempted to place it on the machinery.

There was not any fact established which supports the testimony of young Liner as to his having been instructed to work on the barge or to take the place of M. Walker, or that he was instructed to place the belt on the machinery, and in view of the direct conflict between his testimony and that of the persons who he claimed instructed him to work on the barge or place the belt on a machinery, and that the testimony of Lanning and Sanders is supported by that of M. Walker and H. A. Walker, we find that plaintiffs failed to establish that their son was instructed to work on the barge or place the belt on the machinery, and that the evidence showing that plaintiffs' son was acting outside the scope of his duties of his employment, plaintiffs cannot recover, and the judgment is affirmed.