## COMO v. UNION SULPHUR CO.

### No. 1864.

Court of Appeal of Louisiana. First Circuit.

June 14, 1938.

C. C. Jaubert and E. A. Carmouche, Jr., both of Lake Charles, for appellant.

Liskow & Lewis, of Lake Charles, for appellee.

PER CURIAM.

Plaintiff sues for compensation in the sum of $8,000.00, being the maximum of $20.00 per week for 400 weeks, on account of an injury received by him from the explosion of some dynamite caps which resulted in the loss of sight in both of his eyes. His suit was dismissed on an exception of no cause or right of action, and he has taken an appeal from that judgment of dismissal.

Plaintiff alleges that he was employed by the defendant Company as a construction superintendent, and in Article 3 of his petition he alleges that the accident occurred in the following manner: "That while so employed on the twenty-first day of December, 1936 at about eleven o'clock A. M., petitioner was in charge of several crews doing construction work for defendant company in the vicinity of Calcasieu River. In connection with said work, petitioner

was forced to be in possession of dynamite belonging to the company and it was necessary in carrying on company's operations in the vicinity of Calcasieu River. Shortly before eleven o'clock, plaintiff and other employees of defendant company decided to experiment with some of the dynamite and caps used in connection therewith, in dynamiting for fish in the Calcasieu River. That accordingly while the crews under plaintiff's supervision were carrying on the work he had detailed for them to do, and while petitioner was actually supervising and directing such work, petitioner and other employees of the company, obtained a company boat and boarded said boat at the landing of location known as Powell No. 1, and then motored to a position in the river about 800 feet from the two crews who were working under plaintiff's supervision and direction, in the marsh along the river bank and there proceeded with their experiment to dynamite for fish by preparing a charge of dynamite. At the time there was a box of dynamite caps located in that compartment of the boat immediately in front of plaintiff. That when the fuse on the prepared charge of dynamite was lighted, the wind blew several sparks from the fuse into the dynamite caps causing them to explode and severely injuring plaintiff."

The exception was sustained for the reason that the allegations of the petition showed that plaintiff's injury did not arise in the course of his employment and while he was engaged in the performance of duties arising out of that employment. The point at issue is correctly stated by the learned trial judge in his well considered opinion from which we quote as follows:

"Counsel for the defendant company contends that, assuming the allegations in the petition to be true, plaintiff has not shown that he was injured while performing services arising out of and incidental to his employment in the course of his employer's business; but that on the other hand the petition clearly shows that at the time of his injury he was engaged in an undertaking which was wholly disconnected from any phase of his employment; that his injury was caused by his own action in digressing from his duties, and in the pursuit of his own pleasure some 800 feet from the place of his employment; that dynamiting for fish not only formed no part of the business of the Union Sulphur Company, but it is a positive violation of the criminal statutes of this State; that in no sense, therefore, is the plaintiff in this case entitled to benefits under the Compensation Act.

"Counsel for the plaintiff contends that at the time of the alleged injury the plaintiff was in the employ of the Union Sulphur Company; that because of the nature of his employment it was necessary for him to have in his possession dynamite caps; that the nature of his work necessitated his using the boat belonging to the defendant Company in crossing the Calcasieu River or moving his location for work up or down the river; that the accident occurred when he sought a moment's fun or sport by dynamiting for fish while at work; that this act of the plaintiff which resulted in his injury was nothing more than a sky-larking or sportive act during his work and that under our jurisprudence such sport as that of momentarily leaving his employment and dynamiting for fish by an employee working along a river bank is one of the perils of his employment, and is properly considered as a hazard which an employee required to work with others must encounter in the performance of his duties, and therefore such acts constitute a risk reasonably inherent or incident to the conduct of the employer's business, and thus covered by the provisions of the Compensation Act."

■ The compensation law applies to "every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation" in certain specified hazardous trades, business or occupations. Sec. 1, paragraph 2, Act. No. 20 of 1914. Section 2 of this Act as amended by Act No. 85 of 1926, § 1, provides that if an employee "receives personal injury by accident arising out of and in the course of such employment his employer shall pay compensation", etc. It is manifest from these plain provisions of the statute that the accident must: (1) arise in the course of the employment, and (2) must be incidental to and arise out of the employment. While the provisions of the statute seems clear, their application to particular cases has given rise to much difference of opinion and apparent conflict of authority. After all, no hard and fast rule can be stated, but each case must depend upon its own peculiar facts and circumstances.

■■ Taking the allegations of the petition as true, as we must for the purpose of the exception, it is shown that the acci-

dent took place in the course of plaintiff's employment. That is to say, during the time of his employment, as it appears that the crews which he was superintending were on duty, and the accident happened during the hours of work for plaintiff and his men. It was said in the leading case of Kern v. Southport Mill, Ltd., 174 La. 432, 141 So. 19, 21:

"Now an accident occurs in the course of an employment when it takes place during the time of such employment; just as a happening occurs in the course of any given day when it takes place during that day. Hence the provision that the accident, to entitle the employee to compensation, must occur in the course of his employment, means nothing more than that it must have taken place during the hours of employment and not at any other time."

While the petition does show that the accident occurred in the course of plaintiff's employment, it shows affirmatively that the accident did not arise out of the employment, nor that it was incidental thereto. On the contrary, the petition shows that the accident arose out of an act entirely disconnected with plaintiff's employment. No part of plaintiff's duties required him to dynamite for fish in the river, nor was it any part of the business of plaintiff's employer to dynamite for fish. Quoting again from the case of Kern v. Southport Mill, supra, on this point:

"In determining, therefore, whether an accident 'arose out of' the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?"

Applying the rule to this case, it is manifest from the petition that plaintiff was pursuing his own pleasure when injured, and that the injury had no causal connection with his employment. The fact that he made an illegal and unauthorized use of the boat and dynamite furnished by his employer could not render the employer liable for the result. See Pierre v. Barringer, 149 La. 71, 88 So. 691, and Watson v. Holmes & Barnes, Ltd., 7 La.App. 210.

Learned counsel for plaintiff has attempted to bring this case within that class of cases which hold that an injury arises out of and in the course of an employment where the accident results from horse-play, sky-larking, and other sportive acts among coworkers. He cites as leading cases on this point Brown v. Vacuum Oil Company, 171 La. 707, 132 So. 117, and Favre v. Werk Press Cloth Mfg. Co., La.App., 152 So. 694. The principle announced in these cases on which the employee is held liable is that such sportive acts are usual and customary where men work together, and the result of such acts while the men are engaged in work is one of the risks incident to the employment. But from the petition in this case, it does not appear that plaintiff was engaged in any sportive act with his fellow-workers that had any causal connection or relation to the work that he was employed to do or any work that the men were employed to do. Assuming that the allegations of the petition would permit proof to show that the defendant had furnished the boat for use in going from one side of the river to the other; that the dynamite was used in constructing and excavating work; that the defendant had leased all that part of the river bottom for exploring for oil, and that various crews of men were then working on both sides of the river, it yet remains a fact that plaintiff was doing something for himself and for his own pleasure that had nothing whatever to do with his employment nor in furtherance of any part of it.

Unless plaintiff were permitted to change entirely his allegations as to how the accident occurred, he could not present proof to show facts entitling him to recover compensation, so there could be no use in remanding the case for a trial on the merits.

For these reasons the judgment of the lower court is affirmed.