Plaintiff is the surviving widow of Edward Brooks, Sr., who was killed on May 12, 1941, while working for the Evan Hall Sugar Cooperative, Inc. This suit is against the said Sugar Cooporative and its insurer, the American Mutual Liability Insurance Company, for damages in the sum of $21,045.79 in tort for the death of plaintiff's husband, or in the alternative, for compensation at the rate of $4.68 per week for a period of 300 weeks.
There is no contest on the part of the defendants as to the liability for the compensation payments, but they admit their liability for compensation to plaintiff in the amount and for the period set forth in plaintiff's petition. The defendants filed an exception of no right or cause of action to that part of plaintiff's petition which purports to set forth an action in tort, and this appeal is from a judgment sustaining this exception. *Page 659 
Plaintiff alleged in her petition that her deceased husband had been employed by the Sugar Cooperative as a field hand and knew nothing of and was unfamiliar with work in a sugar factory; that at the time of his death, her said husband had been assigned to work inside the sugar house owned by the said Sugar Cooperative to move a certain lot of syrup from one part of the building to another. It is further alleged in the petition:
"That in immediate proximity to the place where the said Edward Brooks, Sr. was performing his said labors there was an immense stack of sugar bags which, to the full knowledge of the defendant, Evan Hall Sugar Cooperative, Inc., had been slipping for several days prior to the said Edward Brooks, Sr. being assigned to the particular labor in which he was killed; that the said slipping or sliding of the said sugar constituted a hazard and made the place where the said Edward Brooks, Sr. was working, one of extreme danger; that had the said Edward Brooks, Sr. been advised of the dangerous location in which he had been assigned to work, and the fact that the sugar had been slipping for several days, he would not have consented to perform the labors assigned him.
"That the implied consent of the said Edward Brooks, Sr. was therefore obtained by virtue of a concealment of the true facts and the failure to disclose the hazard and danger of the occupation, and is therefore illegal, null and of no effect."
Paragraph 1 of Section 3 of Act 20 of 1914, as amended, provides that the compensation act shall not apply to any employer or employee engaged in the hazardous occupations mentioned in paragraphs 2 and 3 of Section 1 of the act, unless, prior to the injury, they shall have elected by agreement, either express or implied, to come under the act as thereafter mentioned; and, when they shall have so elected to come under the act, such agreement of election shall constitute a complete surrender by the employer and employee of their rights as against each other to any method, form or amount of compensation, for damages, or determination thereof, other than as provided for in the act, and shall bind the employee himself, his widow, relatives, etc.
Paragraph 3 of the above-named section of said act provides that every contract of hiring, verbal, written or implied, between the employer and the employee in any of the hazardous trades mentioned in paragraphs 2 and 3 of Section 1 of the act, shall be presumed to have been made subject to the provisions of the act, unless there be a statement in the contract of hiring or notice given by either party to the other, that the provisions of the act are not to apply, and it shall be presumed that the parties have elected to be subject to the provisions of the act and to be bound thereby, unless such election be terminated as provided for in the following paragraph.
Paragraph 4 of said section provides that the election, either express or implied, or presumed under the preceding paragraph may be terminated by either party to the contract of hiring giving notice to the other party not less than 30 days prior to the accident that the provisions of the act shall not apply.
The petition in this case does not allege that there was any agreement between the deceased and his employer that the provisions of the compensation law were not to apply, nor does it allege that either the deceased or his employer had given notice to the other at least 30 days before the accident that the provisions of the act were not to apply. It therefore follows that the deceased employee was working under a contract of hiring whereby he is presumed to have elected to come under the provisions of the act. Philps v. Guy Drilling Co., 143 La. 951, 79 So. 549.
The contention of the plaintiff is that the presumed agreement whereby the deceased employee elected to come under the provisions of the act required his consent, and that, as material facts and dangers were concealed by the employer, there could arise no valid agreement on his part. The nature of the fraud or concealment charged to the employer, as shown by the allegations of the petition, was that the employer failed to inform the deceased of the extra dangers and hazards connected with the employment, i.e., that sacks of sugar had been slipping in the sugar house for several days prior to the accident and were in a dangerous condition, to the knowledge of the employer; that the deceased was a mere field hand and was unfamiliar with the dangers to which he was exposed in the sugar house and of which he was not informed by the employer. *Page 660 
Assuming for the sake of argument that an employer could be guilty of such fraud and concealment in failing or refusing to inform his employee of dangers and hazards known to the employer and not known to the employee as to vitiate and invalidate any presumed agreement on the part of the employee to be governed by the compensation act (on which point we express no opinion), there was no such fraud or concealment alleged in the petition in this case. The slipping or sliding of sugar bags piled up in a sugar house is a hazard incident to the operation of a sugar factory, and, in classifying employment in a sugar factory as a hazardous occupation, the law makers took into consideration all such hazards and saw fit to restrict compensation to an injured employee or his dependents to the schedule of payments set out in the act.
In the case of Liner et al. v. Riverside Gravel Co. et al., 13 La.App. 664, 127 So. 146, 147, an effort was made to recover in tort where a minor was injured while working for an employer engaged in a hazardous occupation on the ground that the minor, who was clearing ground on the bank of a bayou, had been directed to perform a more hazardous job of placing a belt on some machinery on a barge in the bayou during the performance of which he was injured. It was contended that the work assigned to the minor when he was injured was not a part of his regular employment and was more hazardous, and for that reason his parents did not have any knowledge of this extra hazardous work and could not be held to have consented that the employment should come under the statute. On this point the court said:
"Defendant was engaged in a hazardous trade or business and plaintiffs' son was one of its employees, and while the particular work of clearing the banks of the bayou, which was a part of the hazardous business of defendant, may have been less dangerous than other work connected with defendant's business, all workmen employed by defendant in carrying on its business were engaged in the same employment, and if defendant directed plaintiffs' son to do work outside of the scope of his duties, the fact that such work may have been more or less hazardous than that to which he had been accustomed to do, the employment remained the same, * * * and we are of the opinion that the only remedy plaintiffs had was under the statute to claim compensation."
It has been held so frequently that the remedies under the compensation act are exclusive in those cases governed by the act that we deem it unnecessary to cite further authority. On the question of the exclusiveness of the remedy and the question of election to come under the act in hazardous occupations, we think the two cases of Labourdette v. Doullut Williams Ship-building Co., Inc., 156 La. 412, 100 So. 547 and Roy v. Mutual Rice Company of Louisiana, Inc., 177 La. 883, 149 So. 508, have considerable application to the present case and are persuasive on the questions presented.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of appellant.
DORE, J., concurs.
LeBLANC, J., recused.