HAMITER, Justice.
 

 The loss of the sight of his right eye was sustained by plaintiff, John B. Laine, while in the employ of defendant, Hugh Junca, the business of whom is that of operating a large farm in St. Mary Parish; and for the loss he seeks an award of compensation under the specific injury provisions of the Louisiana employer’s liability statute, Act No. 20 of 1914, as amended.
 

 The accident occurred as plaintiff attempted to drive some mules from defendant’s main stable lot into a nearby catch-pen , (an enclosure used in the harnessing of the work animals), the snapper or cracker at the end of the whip he was using having struck his eye.
 

 The district court, after a trial of the merits, rejected plaintiff’s demands and dismissed the suit. On an appeal to the Court of Appeal that judgment was affirmed. 16 So.2d 85.
 

 The case is before us for consideration on a writ of certiorari or review granted principally because of the insistence of plaintiff’s counsel, in his application for the writ, that both of those courts had incorrectly applied the law to the facts found by them. In his brief on the instant hearing he declares:
 

 “We are not asking Your Honors to pass upon the facts, but we are merely asking Your Honors to decide, whether or not, under the law, because of the facts established, plaintiff, Laine, is or is not entitled to the relief which he seeks, * *
 

 Defendant did not raise by his pleadings the question of whether or not his business was of a hazardous nature under the employer’s liability statute. He offered only the defense that plaintiff was not em
 
 *283
 
 ployed to drive the mules from the stable lot into the catch-pen, and that, therefore, the injury did not arise out of his employment ; and it was on the issue thus created that the case was tried.
 

 From the evidence adduced, which was exceedingly conflicting, both the District Court and the Court of Appeal found that plaintiff was not employed to driye the mules into the catch-pen and had never before the accident attempted to perform a task of that kind; that under his employment no duty required him to be in the location he occupied when injured; and that it was unnecessary for him to assist in the driving since the person regularly in charge of the animals was present at the time and was meeting with success in his efforts to pen them. And those courts concluded that as the act of plaintiff when injured was in no manner authorized by or beneficial to his employer the injury did not arise out of the employment.
 

 The mentioned finding of fact is sustained by the record to which, including the transcript of testimony, we have given careful and thorough consideration; and the announced conclusion of law is supported by the jurisprudence of this state.
 

 This court in Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21, declared:
 

 “In determining, therefore, whether an accident ‘arose out of’ the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer’s business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time the accident occurred?”
 

 This rule was cited and approved m the later cases of Harvey v. Caddo DeSoto Cotton Oil Company, Inc., 199 La. 720, 6 So.2d 747, and Nesmith v. Reich Bros. et al., 203 La. 928, 14 So.2d 767.
 

 Applying the suggested test to the instant case it may be said that possibly plaintiff when injured was not merely pursuing his own business or pleasure, but that he was, of his own volition, attempting to aid his employer; however, it is clear and certain, as above pointed out, that he was not reasonably required by the necessities of his employer’s business to undertake to drive the mules into the catch-pen. Therefore, it can only be concluded that the accident causing the injury did not arise out of the employment.
 

 Counsel for plaintiff relies strongly on Dartez v. Sterling Sugars, Inc., 7 La.App. 414, in which recovery was allowed, he contending that the facts therein were almost identical with those of the instant controversy. The cases can be distinguished in that there the services being performed by the employee when killed were those customarily rendered from time to time by him, and by others occupying a similar status, with the approval of the employer.
 

 Of the numerous other cases cited in counsel’s brief, we notice that in those involving the question under consideration and in which compensation was awarded
 
 *285
 
 the requirements of the rule or test given In the Kern case, supra, were fully satisfied.
 

 For .the reasons assigned the judgment iof the Court of Appeal is affirmed.