This is a suit instituted by the plaintiff, Orgy V. Moss, against the defendants, Webb Barnett, and his public liability insurance carrier, St. Paul-Mercury Indemnity Company, for damages sustained by the plaintiff as a result of an accident which occurred on the paved highway between Abbeville and Lafayette, Louisiana, in the Parish of Vermilion on the morning of July 29, 1946, at approximately seven o'clock, A.M.
The defendant, Webb Barnett, at the time of the accident was the owner and operator of some four or five buses in connection with his business of transporting students of Southwestern Louisiana Institute in Lafayette, Louisiana, to and from their respective homes. One of these buses was operated over a regular route which began at Delcambre, Louisiana, and ran in a westerly direction to Erath and then to Abbeville. From Abbeville the bus proceeded in a general northerly direction on the paved State highway to Lafayette where the students were taken to Southwestern Louisiana Institute. The return trip proceeded over the same route. All of the buses which were operated by Barnett were driven by students of Southwestern Louisiana Institute who, in return for the services of actually driving the bus, were given free transportation, or the cost of the transportation was partially reduced. Plaintiff, Orgy V. Moss, was a student at Southwestern and an arrangement was made between plaintiff and the defendant, Webb Barnett, whereby the said Orgy V. Moss drove one of the buses on the daily trip from Erath to Lafayette in the morning and back to Erath in the afternoon, in return for which the said Moss was permitted to ride on the bus free of any charge. Under a similar arrangement another student, one Lloyd Hymel, drove the same bus from Delcambre to Erath in the morning, at which point the bus was taken over by Moss who drove it on to Lafayette, and on the *Page 869 
return trip Moss drove the bus from Lafayette to Erath where he turned the bus over to Hymel who drove it on to Delcambre. In return for his services, Hymel paid only one-half of the usual fare for the ride between Delcambre and Lafayette. The evidence shows that the regular charge for the transportation from Erath to Lafayette and return was Nine ($9.00) Dollars per month, no part of which was paid by Moss because of his services in operating the bus as pointed out above.
The defendant, Webb Barnett, and the plaintiff, Orgy V. Moss, both state that the sole and only duties which were imposed upon Moss as the result of the arrangement, was to drive the bus. (Transcript page 10 and page 17.)
On the date of the accident in question Hymel drove the bus from Delcambre to Erath at which point the plaintiff, Moss, got on the bus. Instead of taking over the driving of the bus as had been arranged, Moss advised Hymel that he wished to study for a test at school and requested Hymel to drive all the way for him. Hymel readily agreed to continue to drive the bus from Erath to Lafayette. Moss thereupon took a seat among the passengers and apparently proceeded to study for his test white Hymel drove the bus. Hymel drove the bus along the highway until he had reached a point some three or four miles West of Lafayette, where a truck had stopped on the highway with its left wheels on the paved portion of the highway and its right wheels on the dirt shoulder. At this point it appears that Hymel lost control of the bus causing the same to turn over two or three times resulting in the injury to the plaintiff which will be referred to hereinafter. It is conceded by all parties that Lloyd Hymel was guilty of negligence in the operation of the bus which was the direct and proximate cause of the accident in question.
The St. Paul-Mercury Indemnity Company carried a policy of public liability insurance on the bus of the defendant, Webb Barnett, which, under its usual provisions, also covered the driver of the bus, and anyone operating the bus with the permission of the insured. The policy has maximum limits of Ten Thousand ($10,000.00) Dollars for injuries to any one person, and specifically provides:
"This policy does not apply: * * *
"(d) Under coverages A and C to bodily injury to or death of any employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the automobile: * *."
[1] The defendants contend that Orgy V. Moss was an employee of Webb Barnett at the time of the accident and was therefore included within the clause above set out which excludes his claim from the provisions of the policy. It is further contended by the defendants that inasmuch as Moss was an employee his right of recovery against Barnett is exclusively under the Workmen's Compensation Laws of the State of Louisiana inasmuch as he was engaged in a hazardous occupation, and under the settled jurisprudence, he cannot recover in tort.
The plaintiff contends, on the other hand, that the exclusion clause of the policy has no application, and that he has a right to recover in tort against the defendants herein for three general reasons: First, because under the arrangement which the plaintiff had with the defendant, Barnett, the plaintiff was not an employee, but the relationship was only one of mutual assistance under which the plaintiff's services were given to the defendant in lieu of the payment of a cash fare and, therefore, he was a passenger and not an employee; second, because of the fact that even if the relationship of employer and employee did exist as a result of the agreement between plaintiff and defendant, Barnett, the plaintiff was not acting in the course and scope of his employment at the time of the accident; and third, because of the fact that the plaintiff had not taken out a driver's license as required by the laws of the State of Louisiana, any attempted contract with the defendant, Barnett, for the driving of the bus was null and void, being made in violation of law, and, therefore, no relationship of employer and employee resulted. *Page 870 
The District Court concluded that the arrangement between the plaintiff and defendant, Barnett, was one of mutual assistance only, plaintiff's services being given in lieu of a cash fare, and that, therefore, there was no employer-employee relationship between the parties, and the plaintiff was entitled to recover damages as a result of the negligence of Hymel who was operating the bus at the time of the accident on behalf of Barnett.
Under the second contention of the plaintiff, even if plaintiff was an employee at the time of the accident, if hewas not acting in the course and scope of employment at the time, he would have the right to sue the defendant and his insurer in tort. If this be true, it is then unnecessary to decide whether the plaintiff was, in fact, an employee of the defendant, Barnett, or whether the arrangement was one of mutual assistance. Thus, assuming for the purposes of the following discussion only that plaintiff was an employee, the question presented for determination is whether or not the plaintiff was acting in the course and scope of his employment at the time of the accident.
[2] Some suggestion has been made that the plaintiff was also engaged in the occupation of taking up tickets, and that he was performing this service at the time of the accident. The reference to taking up tickets is rather vague and is found only in the testimony of the plaintiff himself when he stated that he picked up "one fare at the time on the route, but I just picked up one fare that day". The plaintiff testifies, however, that he was employed only for the purpose of driving the bus from Erath to Lafayette and back to Erath. (Transcript Page 40.) And Webb Barnett, the defendant, testifies likewise that all that Moss had to do for his free ride was to drive the bus from Erath to Lafayette. (Transcript page 33.) The evidence clearly shows that the only duty which Moss had to perform was to drive the bus to Lafayette and from Lafayette back to Erath. He was employed to do this and nothing else. The testimony likewise shows clearly that the plaintiff never took over the operation of the bus on the morning of the accident. When he got on the bus at Erath he immediately asked Hymel to continue to drive the bus for him so that he could "study for a test", and the evidence shows that Moss did not, in any way, supervise the driving which was being done by Hymel, but as Hymel states, "He just asked me to drive the bus. He left it entirely in my control, and he just sat down with the passengers." (Transcript Page 25.) It is clear, therefore, that Moss, at the time of the accident, was engaged in studying for a test which was entirely personal to him and had nothing whatever to do with his employment as the driver of the bus. Moss had completely abandoned and stepped aside from the duties which were his under his employment and was engaged in the performance of a purely personal endeavor which had no connection whatever with the operation of the bus. He was not engaged in the course of his employment at the time of the accident. Where the employee steps aside from his employer's business to do some act of his own, not connected with his employer's business, the relationship of employer and employee, or master and servant, is, as to that act, completely suspended, and an accident occurring at that time, resulting in injury to the employee, does not arise out of the employment so as to restrict the employee to a right of recovery under the Workmen's Compensation Act. Act No. 20 of 1914, as amended. Laine v. Junca, 207 La. 280, 21 So.2d 150; Como v. Union Sulphur Co., La. App., 182 So. 155; Liner v. Riverside Gravel Co., 13 La. App. 664, 127 So. 146; Gooding v. Beauregard Laundry Co., 9 La. App. 392, 120 So. 507; Piske v. Brooklyn Cooperage Co.,143 La. 455, 78 So. 734; Pierre v. Barringer, 149 La. 71, 88 So. 691; Oliphant v. Town of Lake Providence, 193 La. 675, 192 So. 95, 103.
[3, 4] Inasmuch as the plaintiff was not acting in the course and scope of his employment at the time of the accident, and the accident and injury did not arise out of his employment, nor was it in any way connected therewith, it is our opinion that he has a right of action against the defendant, Webb Barnett, in tort. The exclusion under the insurance policy above quoted expressly provides that an employee is excluded *Page 871 
"while engaged in the employment", and it is clear that the exclusion does not defeat the right in Moss to recover against the defendant, St. Paul-Mercury Indemnity Company, for injuries received while not engaged in the employment.
Thus even assuming the position most favorable to the defense, that plaintiff was in fact an employee of defendant, Barnett, he would still have a right to sue for the damages he sustained. It is therefore unnecessary to decide, and we do not express any opinion, as to the question of the employment vel non of plaintiff by defendant Barnett.
In view of the conclusion which we have reached, it is likewise unnecessary to discuss the third contention of the plaintiff to the effect that the contract of employment would be null and void because he did not have a driver's license as required by the laws of the State of Louisiana, and that, therefore, he would be entitled to sue the defendant in tort even though an attempt had been made to make a contract of employment. We express no opinion with reference to this contention, as it is not necessary to the decision of this case.
 Damages.
[5] According to the evidence in this case the plaintiff suffered a comminuted fracture of the head of the radius of his left arm, as a result of which his arm was kept in a cast for a period of about three weeks, and an operation was subsequently performed in December of 1946. The doctor's report (Exhibit T-3) shows a present partial permanent disability of fifteen to twenty per cent of "the value of the arm". The arm is a little smaller than the right arm but full pronation and supination of the forearm are present, although there is occasional pain in the forearm. The plaintiff is a college student attending school under the government program, and has apparently lost no earnings. He has continued his education. Plaintiff was in the school of agriculture at Southwestern. Louisiana Institute, and at the time was "waiting to get in the veterinary school". (Transcript Page 38). He is apparently still attending school and still preparing himself for his future life, and for an occupation which he can perform without difficulty as a result of his injury. The plaintiff apparently suffered considerably as a result of the accident. No useful purpose would result from a review of authorities on the question of quantum, as the particular circumstances of each case must determine the amount of the award. The District Judge awarded damages in the sum of Ninety-Five Hundred ($9500.00) Dollars in addition to the actual expenses which we believe is, under the circumstances here presented, excessive. An award of Four Thousand ($4,000.00) Dollars to plaintiff for his loss, pain and suffering is in our opinion adequate.
The judgment of the District Court is therefore amended so as to reduce the damages to plaintiff to the sum of Four Thousand ($4,000.00) Dollars in addition to which plaintiff is awarded Three Hundred Six and 70/100 ($300.70) Dollars for medical expenses incurred, and as amended the judgment of the District Court is affirmed.
ELLIS, J., absent; J.J. DAVIDSON, Judge ad hoc.