On Rehearing
The facts of this case are clearly set out in our former opinion. They will not be at length iterated herein. The members of this Court are unanimous in the opinion that plaintiff when injured had turned aside from his over-hour duties to his employer and was engaged in the performance of an act purely for his own interest and benefit; that is, to convert a discarded and non-commercial piece of timber into stovewood for his own use; that in so doing he unnecessarily exposed himself to the dangerous instrumentality that caused the injury but for which the accident would not have happened.
The accident happened in the course of plaintiff's employment, but to entitle him to recover compensation, of course, it must be found and held that it arose out of and/or was incidental to such employment. In other words, did the turning *Page 253 
aside to engage in a purely personal, dangerous act, several feet from where he was required to be to perform his duties, for the moment, deprive plaintiff of the benefits of the Workmen's Compensation Law, as regards an accident that occurred while he was so engaged? On this question a majority of this court takes the affirmative. The question is one of law arising from the factual findings of the Court's entire membership.
In cases of this character the courts of this state have frequently held that whether or not an injury arises out of the employment depends necessarily upon the facts and circumstances of each case. No hard and fast rule in such cases is possible of intelligent adoption. If it should be held that the facts of this case warrant recovery by plaintiff, it is difficult to perceive to what extent the rule might be carried. Can it logically be said that had the accident occurred fifty feet farther from the exact locus of his duties, it would not be compensable, whereas since it happened only ten feet therefrom, it is compensable? We believe the factor of distance is not entirely controlling. To the nature of the act of deviation or turning aside should be accredited controlling influence.
The testimony shows that about the immediate locus of the accident plaintiff had assembled a goodly quantity of discarded pieces of lumber he evidently intended to carry home for stovewood. And, it is shown that plaintiff's superiors did not offer objection to this being done, nor to the use of the saws, when not otherwise engaged, to cut the pieces into appropriate lengths, but in so doing in each instance, the employee acted for himself and not for his employer. He was subserving his own personal interest.
It is argued, and so held by the lower court, that the acts of employees in assembling and carrying home stovewood was really in the interest of the employer, who, otherwise, would have had to burn the same. We think the argument without material bearing in the case. Non-commercial pieces of timber, slabs, etc., were carried by rollers out from the mill to a pit and there burned. This roller was in constant movement while logs were being converted into lumber. Its burden was to no material extent reduced because a limited quantity of the slabs, etc., were diverted to private use. The rollers, regardless of this diversion, would run as regularly and as continuously as they would had same not been done. The attitude of the employer in permitting this practice was simply an indulgence, an act of generosity on its part.
This case, in principle, is distinguishable from St. Alexandre v. Texas Company et al., La. App., 28 So.2d 385, cited in our original opinion, wherein the workman was accidentally injured when opening a bottle of coca cola while on duty, which he intended to drink to refresh and invigorate his body, fatigued from work. The same rule applies in cases where the workman, for a moment, retires from the immediate locus of his duties to smoke, get fresh air, rest, eat, etc., and is actually injured while doing so, because in such instances physical endurance is bolstered and the ability to render efficient service promoted.
The Supreme Court, it seems to us, has clearly pointed out in several opinions the line of demarcation in cases of this character, including the following: Pierre v. Barringer,149 La. 71, 88 So. 691; Kern v. Southport Mill, Ltd., 174 La. 432,141 So. 19; Laine v. Junca, 207 La. 280, 21 So.2d 150.
The Pierre case, supra, is strikingly similar to that at bar. We quote therefrom, as follows:
"The case was tried on its merits, and it was shown that plaintiff was a young colored boy who was engaged as a fireman in a sawmill, and that his employment did not take him in the vicinity of the circular saw by which his hand was severely injured. The evidence further shows that he, the plaintiff, was not performing services arising out of and incidental to his employment, and that the accident did not happen in the course of his employment trade, business, or occupation. The accident to plaintiff happened because of his neglect of the duties assigned to him and the unnecessary exposure by him to a very dangerous implement. It was his duty to have taken care of himself, and *Page 254 
not to have placed himself unnecessarily in a place of danger. He had deserted his post of duty at the furnace, and wandered some distance from the boiler when he met with the accident."
The following decisions of the Courts of Appeal are pertinent to the question: Gooding v. Beauregard Laundry Company, Inc., 9 La. App. 392, 120 So. 507; Liner et al. v. Riverside Gravel Company et al., 13 La. App. 664, 127 So. 146; Como v. Union Sulphur Company, La. App., 182 So. 155.
For the reasons herein assigned, the judgment from which appeal was taken is reversed, and plaintiff's suit is hereby dismissed at his cost.
KENNON, J., dissents for the reasons assigned in the original opinion, contained herein.