Mrs. Fay M. HOSHMAN, etc., et al.,
Appellants,

v.

ESSO STANDARD OIL COMPANY,
Appellee.

No. 17298.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1959.

Rehearing Denied March 19, 1959.

H. Alva Brumfield, Baton Rouge, La., for appellant.

A. M. Curtis, Wilson B. Holcombe, P. A. Casey, J. M. Carville, Baton Rouge, La., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Russell Hoshman was killed in an industrial accident. His widow, individually and as natural tutrix of her minor children, sued Esso Standard Oil for damages under the general tort article of the Louisiana Civil Code.[1] Esso filed a motion to dismiss the complaint on the ground that the plaintiff's remedy is provided for exclusively in the Louisiana Workmen's Compensation Act.[2] The district court granted defendant's motion and dismissed plaintiff's suit. We affirm.

Hoshman was an apprentice pipefitter at Esso's refinery in Baton Rouge, Louisiana. He was electrocuted while holding and guiding a pipe that was being moved by a crane. The pipe came in contact with an overhead power line carrying 13,800 volts of electricity.

One of the theoretical bases for the Workman's Compensation laws is the presumption of an agreement between employer and employee arising from the fact of employment. In accordance with this imaginary agreement the parties consent to be governed exclusively by the Act, particularly with reference to recovery of damages for injuries. The plaintiff seizes this convenient fiction and grapples to it the idea that the presumed agreement, like any other contract, is vitiated by fraud. In this case, so the argument runs, there was fraud since the employer "concealed * * * the extra hazards connected with [Hoshman's] employment".

In two Louisiana cases the court indulges in assumptions that support the plaintiff's position: Brooks v. American Mutual Liberty Insurance Co., Ct.App. La., 1942, 7 So.2d 658, 660, and Boyd v. American Mutual Liability Insurance Co., Ct.App.La., 1943, 11 So.2d 102. °In Brooks the Court assumed "for the sake of argument that an employer could be guilty of such fraud and concealment in failing or refusing to inform his employee of dangers and hazards known to the employer and not known to the employee as to vitiate and invalidate any presumed agreement on the part of the employee to be governed by the compensation act *(on which point we express no opinion)"*. In Boyd the Court made a similar assumption. In each case the Court held, however, that the petition failed to state a cause of action, on the ground that the petition did not allege such fraud as would vitiate the employee's presumed agreement. In Brooks the Court said that "slipping or sliding of sugar bags piled up in a sugar house is a hazard incident to the operation of a sugar factory, and, in classifying employment in a sugar factory as a hazardous operation, the lawmakers took into consideration all such hazards". Boyd

1. Article 2315 of the Louisiana Civil Code of 1870, LSA–C.C. art. 2315, provides in part:
   "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * * *."

2. "LSA–R.S. 23:1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws.
   "The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.
   "Nothing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute."

also involved an injury to a workman when a large stack of sugar bags became dislodged and fell on him. Citing Brooks [Ct.App.La., 1943, 11 So.2d 103] the Court held that "where it was alleged that a field hand assigned to work in a sugar house was not informed of the extra hazards connected with such employment due to the dangerous conditions of stacks of sugar bags which were known to the employer" that the petition did not allege "such fraud as would vitiate the employee's presumed agreement to be governed by the Compensation Act, so as to render the employer liable in tort."

Following the Louisiana law, as this Court is required to do, it seems to us that, assuming the correctness of the plaintiff's theory, the hazard was incident to employment in a refinery such as the Esso Refinery at Baton Rouge. Moreover, as in Brooks, in classifying employment in a refinery as a hazardous occupation the lawmakers took into consideration the risk to which Hoshman was exposed. The fact of the matter is that the complaint is based on negligence, the very situation the Compensation Act was intended to cover. Paragraph 9 of the complaint states the basis for the claim. This reads:

"That the said accident was caused by the gross and wanton negligence of the agents and employees of defendant company in failing to provide safeguards to the said Russell M. Hoshman; in failing to maintain proper lookout for the operation of said crane and in ordering the said Russell M. Hoshman to hold onto said pipe well knowing the close proximity of said high powered line and in failing to warn the said Russell M. Hoshman of the danger involved."

In other words, the plaintiff's case is that there must have been fraud because of Esso's not posting lookouts or informing Hoshman of that fact. But this is negligence, not fraud. There would not be much left of the Louisiana Workman's Compensation Act if courts should equate fraud with negligent failure to post lookouts and the omission to inform a workman of this fact.

■ The plaintiff contends vigorously that the district court erred in basing its decision on the application of the Louisiana rule in trying an exception of no cause of action instead of applying the federal rules applicable to a motion to dismiss. The exception of no cause of action in Louisiana addresses itself to the sufficiency of the pleadings and is tried on the face of the pleadings. It is not the same as a motion to dismiss under the federal rules. Millet v. Godchaux Sugars, 5 Cir., 1957, 241 F.2d 264. There is nothing to indicate that the able district judge decided the case on any other basis except the federal rules.

■ "In appraising the sufficiency of a complaint", the Supreme Court has held, "we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80. Although the liberal federal rules require only notice pleading, they still require a "short and plain statement of the claim showing that the pleader is entitled to relief". Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Moore states:

"Perhaps it is not entirely accurate to say, as one court has done, that 'it is only necessary to state a claim in the pleadings * * * and not a cause of action.' The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery. However, the courts have ruled time and again that a motion to dismiss for failure to state a

claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." Moore's Federal Practice, 2d Edition, p. 1653.

We are sensitive to the principle that the Federal Rules do not require a claimant to set out in detail the facts upon which he bases his claim. The Rules require only "a short and plain statement of a claim." Rule 8(a) (2); Conley v. Gibson, supra. But when the facts, alleged or assumed within the framework of the complaint, show that the claim is without merit there is no need to go to trial. Dunn v. Gazzola, 1 Cir., 1954, 216 F.2d 709. See also McGuire v. Todd, 5 Cir., 1952, 198 F.2d 60, 63 certiorari denied, 1952, 344 U.S. 835, 73 S.Ct. 44, 97 L.Ed. 649.

The material fact in this case is that Hoshman was killed as the result of an accident ·from a hazard incident to employment in an oil refinery. Considering the history and purpose of Workman's Compensation laws [3] we think that it would be an unwarranted distortion of the statute to hold that the complaint alleges facts that would entitle the plaintiff to relief.

3. "The history of the development of statutes, such as this, creating a compensable right independent of the employer's negligence and notwithstanding an employee's contributory negligence, recalls that the keystone was the exclusiveness of the remedy. This concept emerged from a balancing of the sacrifices and gains of both employees and employers, in which the former relinquished whatever rights they had at common law in exchange for a sure recovery under the compensation statutes, while the employers on their part, in accepting a definite and exclusive liability, assumed an added cost of operation which in time could be actuarially measured and accurately predicted; incident to this both parties realized a saving in the form of reduced hazards and costs of litigation. As

The plaintiff's brief in this case alleges facts not contained in the complaint or anywhere else in the record.[4] We go further, therefore, and say that the plaintiff is not entitled to relief on the facts alleged in the plaintiff's briefs and on such facts as we can imagine within the framework of the complaint and consistent with the allegations and conclusions of the complaint.

Judgment is

Affirmed.

stated by Mr. Justice Brandeis in Bradford Electric Light Co. v. Clapper, 1932, 286 U.S. 145, 159, 52 S.Ct. 571, 576, 76 L.Ed. 1026, the purpose of these laws was to provide 'not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinative.' Thus, anything that tends to erode the exclusiveness of either the liability or the recovery strikes at the very foundation of statutory schemes of this kind, now universally accepted and acknowledged." Smither and Co. Inc. v. Coles, 1957, 100 U.S.App.D.C. 68, 242 F.2d 220, 222.

4. For example, the statement that lookouts had been posted up to the day before the fatal accident.