161 So.2d 142 (1964)
William Thomas KENNER
v.
HANRECO, INC., Maurice Handlemen Co., Charles Handleman, Maurice Handleman and Maryland Casualty Company.
No. 1235.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1964.
Rehearing Denied March 9, 1964.
Rudolph O. Vorbusch, New Orleans, for plaintiff-appellant.
Sessions, Fishman, Rosenson & Snellings, Cicero C. Sessions, New Orleans, for defendants-appellees.
Before REGAN, SAMUEL and HALL, JJ.
SAMUEL, Judge.
This is a suit in tort for personal injuries. The petition names several defendants but in this court plaintiff pursues his claim only against Hanreco, Inc., his employer, and Maryland Casualty Company, Hanreco's insurer, and admits that he has no cause of action against the other defendants, a partnership and the individual partners composing the same, who were originally sued under the mistaken belief that they were also plaintiff's employers. The defendants filed exceptions of no right of action, no cause of action and res judicata. They also filed a motion for summary judgment. The trial court granted the motion for summary judgment and dismissed the suit. Plaintiff has appealed.
*143 The pleadings and affidavits on file reveal there is no genuine issue as to material fact. Plaintiff was employed by Hanreco as a maintenance helper or porter at the time he suffered the injury which forms the basis of this suit. Acting under orders of his immediate superior and together with other persons he was engaged in dismantling and removing a large, heavy iron safe encased in a cement vault when a wall collapsed and struck him. He was permanently injured.
Approximately nine months after the occurrence he and Maryland, the latter as Hanreco's compensation insurer, filed a joint petition in the Civil District Court for the Parish of Orleans seeking judicial approval of a proposed compromise settlement of plaintiff's claims under workmen's compensation in accordance with the provisions of LSA-R.S. 23:1271, 23:1272 and 23:1273. Plaintiff's present counsel also represented him in the joint petition and the proceedings in connection therewith. In compliance with the prayer of that petition judgment was rendered and signed in the sum of $4,400.00 as full and final settlement of plaintiff's claims for workmen's compensation. Plaintiff makes no complaint about that judgment. It was paid in full and has been retained by him. The present suit involves a claim in tort based upon the same injuries which gave rise to the workmen's compensation claim and settlement.
Plaintiff alleges: he did not have the skill or training necessary to perform the work which resulted in his injuries; that work, which he was ordered and required to do, was extremely hazardous, much more so than were his normal duties; none of the other employees working on the safe, and they were insufficient in number to perform the work properly, were experienced or trained in that type of work; proper equipment and tools were not furnished by the employer; and all of these facts were known to the employer as was the fact that the operation was devoid of any degree of industrial safety. Plaintiff contends that as a result he is entitled to a recovery in tort. The statutory law and the jurisprudence are to the contrary.
Compensation under the act is the exclusive remedy in cases covered by the act. As stated in Malone La. Work Comp., Section 361:
"* * * the principle underlying the Compensation Act is a compromise whereby the employer surrenders the immunity against liability which he would otherwise enjoy in all cases where he was without fault, and, in return, the employee loses his right to full damages for his injury and accepts instead a limited sum by way of compensation. It is obvious that this mutual surrender by employer and employee could not be effectuated if either party were free to ignore the Act whenever it would be to his advantage to do so. For this reason, proceedings for compensation afford the exclusive remedy available to the parties within the area where the Act applies."
This is clearly expressed in Section 34 of the act, which reads as follows:
"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this chapter shall be exclusive of all other rights and remedies of such employee, his personal representative, dependents, or relations." LSA-R.S. 23:1032.
In the instant case there is no question but that plaintiff's employment was covered by the compensation act, nor do we entertain any doubt that his right to compensation was his exclusive remedy. The fact that plaintiff was injured while performing work more hazardous than his usual and ordinary duties does not have the effect of giving him a remedy in both compensation and tort or a choice of either. See Brooks v. American Mut. Liability Ins. Co., La.App., 7 So.2d 658; Liner v. Riverside *144 Gravel Co., 13 La.App. 664, 127 So. 146. Plaintiff cannot recover in tort against his employer or the latter's insurer.
The judgment appealed from is affirmed.
Affirmed.