344 So.2d 693 (1977)
Claranell FAVORS et al.
v.
SOUTHERN INDUSTRIES, INC., et al.
No. 11175.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
*694 Wilson C. Krebs and Victor J. Versaggi, Patterson, for appellants.
John E. Coleman, Jr., and James McClelland, Aycock, Horne, Caldwell, Coleman & Duncan, Franklin, for appellees.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
This is a suit for wrongful death brought by the widow and only child of the decedent against the decedent's corporate employers, four executive officers of these employers, and the insurer of the officers. The trial court sustained a peremptory exception of no cause of action as to the corporate employers, since plaintiffs' sole and exclusive remedy against the employers was in workmen's compensation, and dismissed the employers from the suit.
The insurer of the executive officers filed an exception of prescription of one year and this exception was sustained by the trial court. The suit was thereafter dismissed. Plaintiffs only appeal the trial court's judgment sustaining the exception of prescription and dismissing the suit.
The decedent, Daniel Favors, died on January 25, 1975, allegedly as a result of a lung condition precipitated and/or aggravated by his employment at defendants' lime plant.
A suit seeking damages, in tort, was filed on January 13, 1976 by Claranell Favors, widow of the decedent, and Ronnie Favors, only child of decedent, represented by Claranell Favors as his natural tutrix. Named as defendants in this suit were the four corporate employers of the decedent, four executive officers, and the liability insurer of the officers. When the suit was filed the identity of the officers and their insurer was unknown, therefore they were named in the suit as "John Doe, John Roe, Richard Doe, Richard Roe and X Y Z Insurance Company."
The corporate defendants filed a peremptory exception on March 26, 1976 alleging that plaintiffs' sole remedy, as to the corporate employers, is provided under the workmen's compensation act and therefore, the plaintiffs are prohibited from asserting this action in tort. This exception was sustained in a written judgment on April 14, *695 1976 and the corporate defendants were ultimately dismissed from the suit. Plaintiffs have not appealed this judgment or the dismissal of the corporate defendants from the suit.
On April 27, 1976, plaintiffs filed their first amending petition naming Travelers Insurance Company as the insurer of the executive officers in place of the X Y Z Insurance Company named in the original petition.
The correct names of the four executive officers were stated in plaintiffs' second amending petition of May 10, 1976.
A peremptory exception of one year prescription was filed on behalf of Travelers as the liability insurer of the four executive officers on June 7, 1976. This exception was sustained and the suit dismissed after a hearing on August 13, 1976.
The applicable prescriptive period for a suit in tort for damages is stated in LSA-C.C. art. 3536 as one year. This one year period began to run on the date of Daniel Favor's death, January 25, 1975, and tolled on January 25, 1976, unless some event interrupted the running of prescription.
LSA-R.S. 9:5801 provides in pertinent part:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors and interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. . . ."
Additionally, LSA-C.C. art. 2097 states:
"A suit brought against one of the debtors in solido interrupts prescription with regard to all."
In determining whether an interruption has occurred in this case, we must examine the original petition which was filed within the one year prescriptive period. The defendants named by this petition were the four corporate employers; all other defendants were denominated by fictitious identifications.
Therefore, in order for prescription to be interrupted by this suit, it was necessary that the unnamed defendants be solidarily liable with a timely-sued named defendant, or that the unnamed defendants be named within the prescriptive period. Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 296 So.2d 271 (La.1974).
There existed no solidarity between the named corporate employers and the unnamed defendant insurance company or executive officers, since there was no cause of action in tort as to the corporate defendants. LSA-R.S. 23:1032; Kenner v. Hanreco, Inc., 161 So.2d 142 (La.App. 4th Cir. 1964). Therefore, Civil Code article 2097 does not apply in this case.
Travelers was not named as a defendant until April 27, 1976, and the executive officers were not named until May 10, 1976. The amendments were filed after the one year prescriptive period had run. These amendments to correct the fictitious names given to the defendants do not relate back to the original filing date of the suit, Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, supra; Commercial Union Insurance Co. v. Bringol, 262 So.2d 532 (La. App. 4th Cir. 1972).
We find that prescription as to the unnamed defendants was not interrupted by the filing of the original suit, since they were not named as defendants nor was there a solidary obligation with any named defendant who was timely sued.
The appellants have urged the doctrine of "contra non valentem agere nulla curric prescripto."[1] We find the doctrine inapplicable since there has been no showing that the defendants practiced any concealing or misleading actions which prevented the plaintiffs from instituting suit within the prescriptive period. Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598 (1916).
We hold that the trial court properly sustained the peremptory exception of prescription.
*696 For the reasons assigned, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] No prescription runs against a person unable to bring an action.